# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUDIN RIVERA,**

        **Plaintiff,**

**v.**                                    **Case No:   6:15-cv-79-Orl-41DAB**

**DEER RUN REALTY &**
**MANAGEMENT, INC., BLOSSOM**
**PARK CONDOMINIUM ASSOCIATION,**
**INC. and FRANK BARBER,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 11)**
>
> **FILED:**      **February 13, 2015**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, with leave to file an amended complaint**.

Plaintiff Ludin Rivera filed suit against his former employers, Defendants Deer Run Realty & Management, Inc., and Blossom Park Condominium Association, Inc., and their manager, Frank Barber, alleging he was paid his regular wage for overtime hours in violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants move to dismiss Plaintiff's claims, arguing that his Complaint fails to state a claim upon which relief can be granted because it merely paraphrases the FLSA and provides insufficient factual allegations to

state a claim under the FLSA's "enterprise" or "individual" coverage. Plaintiff contends in his Response that his Complaint alleges sufficient facts to establish an FLSA claim. Doc. 13.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ramjit v. Benco Dental Supply Co.*, No. 6:12-cv-528-Orl-28DAB, 2013 WL 140238 (M.D.Fla. Jan. 11, 2013) (Antoon, J.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

### II. Factual and Procedural Background

Plaintiff worked as a non-exempt security guard from March 2013 to December 2013 for Defendants Blossom Park Condominium Association, Inc. and its property manager, Deer Run Realty & Management Inc., as joint employers. Doc. 1 ¶¶ 5-11. Defendant Barber is the director, acting manager, and sole corporate officer of both corporations; he had control over the work, pay, and job duties of Plaintiff. *Id.* ¶ 12-16.

Plaintiff filed suit under the FLSA on January 21, 2015, alleging that Defendants had failed to pay him overtime. Doc. 1. Defendants filed their Motion to Dismiss on February 13, 2015. Doc. 11. Plaintiff filed his Response to the Motion to Dismiss on February 27, 2015. Doc. 13. The matter was referred to the undersigned on July 24, 2015.

**III. Analysis**

Under the FLSA, employers are required to pay their employees an overtime wage of one and one half times their regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay. *Josendis*, 662 F.3d at 1298; see also 29 U.S.C. § 216(b). To establish a claim for overtime compensation under the FLSA, plaintiffs must show for "individual coverage" that they were engaged in commerce or in the production of goods for commerce, or, for "enterprise coverage" to apply, that their employer is an "enterprise engaged in commerce." See 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise that (i) has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has a (ii) "gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Employees must engage in activity implicating interstate commerce on regular and recurrent basis, rather than on isolated or sporadic occasions, for jurisdiction to exist. *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007) (quoting 29 U.S.C. § 203(s)(1) (A).

Defendants argue that Plaintiff fails to invoke enterprise coverage under the FLSA because Plaintiff has not established that he was engaged in interstate commerce or in the production of goods for interstate commerce or that the Defendants were engaged in interstate commerce or in the

- 3 -

production of goods for interstate commerce. Doc. 11. Plaintiff also argues his Complaint sufficiently alleges Defendants are "enterprises" covered by the FLSA because he alleges that Defendants had two or more employees engaged in interstate commerce[1], producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce specifically, "telephones, computers, two·way radios, office equipment and supplies, etc."; routinely ordering materials or supplies from out of state vendors, and sold to out of state customers; accepting payments from customers based on credit cards issued by out of state banks; and using telephones or computers to place and accept business calls. *Id*. ¶¶ 23-26.

Defendants argues that because the FLSA's individual coverage overtime provisions only apply to employees "engaged in commerce or in the production of goods for commerce," Plaintiff's FLSA claim fails to meet all the essential elements to support a FLSA claim. Defendants specifically contend Plaintiff's allegation that he handled and utilized security equipment which had traveled in interstate commerce is not enough to invoke individual coverage under the FLSA. Doc. 11 (citing *Thorne*, 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act"); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA"); *Scott v. K.W. Max Investments, Inc.*, 2007 WL 423080 (M.D. Fla., Feb. 6, 2007) (holding that the handling of building

---

[1] Plaintiff's allegations that the annual gross revenue of Defendants was in excess of $500,000 per annum during the relevant time period (Doc. 1 ¶ 22) does not appear to be at issue for purposes of the Motion to Dismiss.

materials that had traveled in interstate commerce not enough to establish individual coverage, and noting that there was no production of goods, much less goods for commerce, since the employer was a service provider), *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir. Oct. 2, 2007) (holding that the plaintiff purchasing goods from a Home Depot that had originally moved through commerce not entitled to invoke individual coverage).

Defendants argue that, as the claims are alleged, Plaintiff was never personally involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. Doc. 11. Defendants contend that Plaintiff's allegation that he was employed[2] as a security agent, merely allege he provided services to a property management company acting on behalf of a condominium association, and the materials with which the Plaintiff worked were "clearly at rest, and no longer in interstate commerce." *Id.* (citing *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the instate purchase of automotive parts from wholesalers and retailers that were manufactured or traveled outside Florida does not constitute the engagement in commerce, because the parts were at rest and out of the stream of commerce).

Defendants also argue that Plaintiff is not qualified for FLSA coverage under his allegations that Defendants' employees were engaged in interstate commerce by ordering materials from out of state vendors, accepting payments by credit cards issued by out of state banks, and by using telephones or computers to place and accept business calls. Doc. 11 at 6-8. Defendants contend that their businesses provides services only within Central Florida, and the supplies that Defendants' employees may have utilized while performing those services were outside were outside of the

---

[2]Defendants dispute Plaintiff's status as an employee, arguing that he worked as an independent contractor. Doc. 11.

- 5 -

stream of commerce by the time said employees used them, because they were purchased locally. *Id.* (citing *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the instate purchase of automotive parts from wholesalers and retailers that were manufactured or traveled outside Florida does not constitute the engagement in commerce, because the parts were at rest and out of the stream of commerce), *aff'd,* 314 Fed. Appx. 179 (11th Cir. 2008)[3].

Defendants argue that *Navarro* is illustrative of the facts which are similar to this case. In *Navarro*, the car parts were sent from the out-of-state wholesaler to the various local dealers, where they were stored by the local dealers until they were purchased by the defendant automotive company and other customers. 533 F. Supp. 2d at 1226. The court found the "parts stopped flowing in commerce when they were delivered and stored by the local dealers" and "any intra-state activity after this point is not interstate commerce for purposes of the FLSA." *Id.* at 1227.

Plaintiff contends that the allegations of his Complaint meet the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a) because it sufficiently alleges Plaintiff's individual coverage as well as Defendants enterprise coverage under the FLSA because his Complaint alleges sufficient facts to state a claim under the Eleventh Circuit's Civil Pattern Jury Instructions. However, that is not the standard of review on a Motion to Dismiss--the seminal cases of *Twombly* and *Iqbal* have been the standard since 2007. Although Plaintiff cites the standards set forth in *Twombly* and *Iqbal* in his Response, in his argument he relies on a mixture of pre- and post *Twombly* cases – some of which are based on the more relaxed *Conley v. Gibson* standard which no longer applies, or deal with a different part of Rule 12 and are unpersuasive. Doc. 13 at 5-6 (citing, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison,*

---

[3] The other case cited by Defendants, *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008), was reversed by the Eleventh Circuit, 616 F.3d 1217 (11th Cir. 2010).

*Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987); *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983)).

In support, Plaintiff cites to two Middle District cases which he characterizes as finding "a sufficient basis for enterprise coverage" based on allegations in the complaints. *See* Doc. 13 at 8-9 (citing *Brooks v. Amerinet Health Ctr. S. Daytona LLC*, Case No. 12-cv-981, 2013 WL 980296, *1 (M.D. Fla. Feb. 25, 2013); *Donald v. Park & Fly, LLC*, Case No. 3:10-cv-41, 2011 WL 6027014, *2 (M.D. Fla. Nov. 7, 2011). These cases are inapposite, given the rather formulaic allegations in these cases which were *unchallenged* and accepted as part of the plaintiffs' motions for *default judgment*.

Plaintiff argues his allegations that he was "engaged in commerce" by handling and utilizing security equipment, tools, and supplies produced from out of state are sufficient to raise the right to relief above the speculative level. Plaintiff also argues that other cases his counsel has litigated, containing similar allegations were held to be sufficient interstate commerce allegations. Doc. 13 at 10 (citing *Rivera v. McDonald's Corp.*, Case No.: 6:09-cv-00807, Doc. 18 (M.D.Fla. August 4, 2009); *Matallan v. McDonald's Corp.*, 2009 WL 756205 (M.D.Fla. March 18, 2009). However, the *McDonalds* cases are easily distinguished because the motions those cases sought dismissal based solely on the lack of the complaints' specificity for the amount of unpaid overtime wages sought and time of employment; the motions did not even *raise* the issue of interstate commerce – which would have had little chance of success if argued by the international fast food giant, McDonalds. The third Middle District decision denying a motion to dismiss an FLSA claim, as cited by Plaintiff, *Chandler v. Geneva Construction, Inc.*, Case No.: 5:09-cv-00121 (M.D.Fla. May 8, 2009), discussed the lack of detail regarding the plaintiff's employment period, work duties, how he was paid, etc. and disposed of the lack of "enterprise/commerce" allegations in a *footnote*, finding

"Defendants have failed to articulate any basis to *strike* the allegation of enterprise." *Chandler,* Doc. 10 at 3 n.3.

The Middle District case most on point with this one is *Sciacca v. Vectorworks Marine, LLC*, in which the undersigned considered a very similar FLSA complaint filed by the same firm, Morgan & Morgan, and found:

> The majority of Plaintiff's allegations are conclusory and lack the factual basis to support the allegations of enterprise or individual coverage. Plaintiff's only somewhat specific allegation is that he was employed as a "boat outfitter," but he fails to specify in the Complaint what kind of business Vectorworks Marine, LLC, is or performs and it is not self-evident what a "boat outfitter" does. Plaintiff states – for the first time in the Response to the Motion to Dismiss – that Defendant is a "boat manufacturer" that his "work on boats" amounts to work on "instrumentalities of commerce," allegedly similar to work driving or servicing cars, which other courts have held to be within the meaning of interstate commerce and the jurisdiction of the FLSA.
>
> The cases Plaintiff cites are distinguishable in that the allegations in Plaintiff's cited cases communicated the nature of the employer's business or the plaintiff-employee's work. Doc. 23 at 6-7 (citing *West v. Aventura Limousine & Transp. Service, Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) (holding that allegation that "Plaintiff only drove Defendants' vehicles to drive Defendants' clients" sufficiently pled coverage); *Johnson v. James*, No. 92–0455–T–C, 1994 WL 637439 (S.D. Ala. May 17, 1994) (plaintiffs who worked for an automotive oil change business were covered under the individual coverage provisions of the FLSA); *Brennan v. Ventimiglia*, 356 F.Supp. 281, 282-83 (N.D. Ohio 1973)(employees who serviced cars and sold products such as gasoline were engaged in commerce under the FLSA).
>
> Here, Plaintiff has failed to plead the nature of Vectorworks Marine, LLC's business and the nature of what his position as a "boat outfitter" consists of. It is insufficient to merely allege in a form complaint that Vectorworks is "an enterprise engaged in the production of goods for commerce" and not state what the "goods" are that it produces or how these goods are connected to interstate commerce. *Cf. Moreno v. Ferretti Group of America, LLC*, No. 10-cv-24507, 2011 WL 4499031, at *2 (S.D. Fla. Sept. 27, 2011) (holding plaintiff sufficiently pled he was engaged in interstate commerce where he alleged the products and materials that he used on a constant and continual basis were supplied to him by employer to use on the job moved through interstate commerce).
>
> As in the case cited by Vectorworks, *Ceant v. Aventura Limousine and Transportation Service, Inc.*, the plaintiff's deficient FLSA complaint contained verbatim allegations of the disputed sections that Vectorworks complains are too vague in this case. 874 F.Supp.2d 1373, 1377 (S.D. Fla. 2012). As the district judge noted, although pleading coverage under the FLSA is not onerous as a general principle, where

the plaintiff-employee fails to provide any factual allegations about the nature of his work and its connection to interstate commerce, or the nature of the employer's business - what kind of transportation services the limousine company provided to customers or whether such services were tied to interstate commerce -   the complaint is deficient and it must be dismissed with leave to amend.  *Id.* at 1377.   In amending, the district judge ordered the plaintiff to set forth the nature of the employer's business and precisely what he did in the course of his employment, taking care to explain how the employer's business, and his work for the company, connected to interstate commerce.  *Id.*

The court went on to clarify this holding, lest it be interpreted as too stringent a pleading requirement:

> To be clear, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. Courts have rejected these arguments before. *See Burton v. Hillsborough Cnty., Fla.,* 181 Fed.Appx. 829, 840 (11th Cir. 2006) (rejecting call for heightened pleading under FLSA; such claims require compliance with Rule 8 only); *Frazier v. Cummings Leasing, Inc.*, 2007 WL 2225965, at *2 (M.D.Fla. Aug. 2, 2007) (Morris, J.) ("there is no heightened pleading requirement when alleging overtime wage claims under the FLSA"). While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand "detailed factual allegations." *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.,* 2009 WL 1125830, at *1 (D.Kan. Apr. 27, 2009) ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim").
>
> Thus, to properly allege individual or enterprise coverage, [plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce. *See Kinzer v. Stelling*, 2012 WL 1405694, at *2–*3 (M.D.Fla. Mar. 28, 2012) (Spaulding, J.) (FLSA coverage properly stated where complaint alleged that defendant operated retail gas station, convenience store, and car repair shop and sold gasoline and other items that had traveled in interstate commerce); *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D.Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.*, 2010 WL 227910, at *2 (S.D.Fla.

> Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business).
>
> *Ceant*, 874 F.Supp.2d at 1378.
>
> Similarly, Plaintiff's Complaint in this case fails to specifically allege how Plaintiff's job or Vectorworks' business relates to interstate commerce. It is also worth noting that attorneys from the same office of Morgan & Morgan (in Plantation, Florida), which has a small number of attorneys who specialize wage and hour litigation, prepared the Complaint for Plaintiff in this case and the plaintiff in *Ceant*. It is not lost on the Court that the defects in pleading are precisely the same in the two cases.

Case No. 6:12-cv-1255, 2013 WL 656325 (M.D.Fla. Feb. 1, 2013), *report and recommendation adopted by Sciacca v. Vectorworks Marine, LLC,* 2013 WL 655402 (MD.Fla. Feb. 22, 2013).

As in *Vectorworks*, Plaintiff here fails to allege how his duties as a security guard for a condominium, or the condominium's local realty business, relate to interstate commerce. Moreover, security guard services wholly within the state of Florida have generally been held to be local in nature and outside the coverage of the FLSA. *See, e.g., Sobrinio v. Medical Center Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007) (holding that a security-guard/driver for a motel was not engaged in interstate commerce because his work was "purely local in nature"); *Paris v. Protection Consultants, Inc.*, No. 6:09-cv-1474, 2009 WL 3817605 (M.D.Fla. Nov. 16, 2009) (holding employee's provision of security guard services wholly within the state of Florida did not constitute interstate commerce for FLSA purposes); *Velasquez v. All Florida Security Corp.*, 2008 WL 5232916 (S.D.Fla. Dec.15, 2008) (finding that the security guard employed by a local company providing security guards to local businesses was outside the coverage of the FLSA); *but see Mitchell v. Central Produce Co.*, 239 F.2d 377, 379 (6th Cir. 1956) (holding that night watchman/guard who

- 10 -

worked directly for fresh produce wholesaler who received 90% of produce from out of state and distributed produce to other states was included within the coverage of the FLSA); *cf. Paniagua v. Picasso Tower, Inc*., No. 09-Civ-21371, 2009 WL 4895125 (S.D. Fla. Dec. 11, 2009) (finding a factual issue as to whether the commercial tenants of the defendant-employer's building were sufficiently numerous and producing goods in interstate commerce to bring the plaintiff security guard of the building within the coverage of the FLSA).

It is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED** and Plaintiff be granted leave to file an amended complaint consistent with the above within 14 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 30, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy